IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

LINDA SCHLUMBRECHT-MUNIZ, M.D.,

    Plaintiff,

vs.

STEAMBOAT SKI & RESORT CORPORATION, d/b/a STEAMBOAT, a Delaware Corporation, and IRCE, INC. a/k/a INTRAWEST RESORTS, INC., a Delaware Corporation

    Defendants.

_____

**COMPLAINT FOR DAMAGES AND JURY DEMAND**
_____

Plaintiff Linda Schlumbrecht-Muniz, M.D. by and through her attorneys of record, Martens & Associates, P.C., for her Complaint, states and alleges the following:

## I. JURISDICTION AND PARTIES

1. Jurisdiction is proper in this court under 28 U.S.C. § 1332.

2. At all relevant times, Plaintiff was a resident of the state of Florida.

3. At all relevant times, Defendant Steamboat Ski & Resort Corporation (hereinafter "Defendant Steamboat") was a Delaware corporation and was doing business as "Steamboat".

4. Upon information and belief, Defendant Steamboat is owned and operated by Defendant IRCE, Inc. a/k/a Intrawest Resorts, Inc. (hereinafter "Defendant Intrawest").

5. This is an action filed under the provision of 28 U.S.C. § 1332, by reason of the diversity of citizenships of the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## II.  GENERAL ALLEGATIONS

6. Plaintiff incorporates paragraphs 1 through 5 of this Complaint herein by reference.

7. On or about January 24, 2012, Plaintiff was skiing on a marked and open ski run near the bottom of Bashor Bowl at Steamboat.

8. Plaintiff kept a proper lookout and skied in a safe fashion to protect herself from other skiers, snowboarders, and other dangers and risks inherent in the sport of skiing.

9. At a previous time during the morning of January 24, 2012, an employee of Defendants named Maggie Griffin (hereinafter "Griffin"), while in the course and scope of her employment with Defendants, parked a snowmobile in a dangerous location near the ski maze at the bottom of the Bashor Bowl.  The snowmobile was not visible for 100 feet for skiers on the mountain.

10. Plaintiff collided with the dangerously parked snowmobile causing her severe, permanent and debilitating injuries and damages as more fully described below.

## III. FIRST CLAIM FOR RELIEF
(Negligence)

11. Plaintiff incorporates Paragraphs 1 through 10 of this Complaint herein by reference.

12. The actions of Defendants' employee Griffin were careless and negligent.  Griffin's negligence included, but is not limited to, her actions in parking a snowmobile on a busy ski run in a dangerous location.  Griffin's actions created a hazard not inherent in the sport of skiing.

13. The negligence of Defendants' employee Griffin was a direct and proximate cause of the injuries, damages and losses incurred by Plaintiff.

14. As a direct and proximate result of the above negligence, Plaintiff has suffered past and future economic damages, permanent physical injuries, physical impairment, physical disfigurement, emotional distress, mental anguish and physical suffering. Plaintiff's injuries are permanent and will be permanently disabling, incapacitating and crippling. Plaintiff has been required to undergo multiple medical procedures, has incurred expenses for medicines, therapy, medical treatment and other related expenses and will continue to incur such expenses into the future. Plaintiff has suffered a loss of income, damages related to loss of home services and will, in the future, incur further such losses and expenses. Plaintiff has suffered a loss of earning capacity and a loss of her ability to enjoy a full and useful life. Plaintiff has suffered economic, non-economic and disfigurement damages in the past and will also incur these damages in the future. Plaintiff has suffered damages in an amount to be determined by the trier of fact.

## IV. SECOND CLAIM FOR RELIEF
(Negligence Per Se)

15. Plaintiff incorporates Paragraphs 1 through 14 of this Complaint herein by reference.

16. The conduct of Griffin was in violation of a Colorado statute, C.R.S. § 33-44-101, et seq.

17. Griffin violated one or more provisions of this statute.

18. The violation of this statute constitutes negligence.

19. The negligence per se of Griffin, while in the course and scope of her employment with Defendants, was a direct and proximate cause of Plaintiff's injuries, damages and losses more fully described above.

### V. THIRD CLAIM FOR RELIEF
(Respondeat Superior)

20. Plaintiff incorporates Paragraphs 1 through 19 of this Complaint herein by reference.

21. On or about January 24, 2012, Griffin was employed by Defendants as a ski patrol officer.

22. On or about January 24, 2012, Griffin was acting within the course and scope of her employment when she negligently parked her snowmobile on a busy ski run.

23. The acts and negligence of Griffin are the acts and negligence of Defendants.

24. Defendants are responsible for the acts and omissions of its agents, officers, directors, shareholders, partners, and employees, including but not limited to Griffin.

25. As a direct and proximate result of the conduct of Defendants acting through its agents, officers, directors, shareholders, partners, and employees, Plaintiff has suffered injuries, damages and losses more fully described above.

WHEREFORE, Plaintiff respectfully prays for compensatory damages in her favor and against the Defendants in an amount to be determined by the trier of fact, pre-filing interest as allowed by law, pre-judgment interest as allowed by law, post-judgment interest as allowed by law, witness fees, filing fees, deposition expenses, attorneys fees, all costs allowed by law, and for such other and further relief as the Court may deem appropriate.

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY.**

DATED this 23rd day of January, 2014.

                                                           MARTENS & ASSOCIATES, P.C.

                                                           */s/ **Mark Martens***
                                                           _____
                                                           Mark Martens, #16095
                                                          Attorney for Plaintiff

Plaintiff's Address:
c/o Martens & Associates, P.C.
1660 S. Albion St., Ste. 1110
Denver, CO   80222