**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-00191-MSK-NYW

**LINDA SCHLUMBRECHT-MUNIZ, M.D.,**

    Plaintiff,

v.

**STEAMBOAT SKI AND RESORT CORPORATION, a Delaware corporation doing business as Steamboat,**

    Defendant.

---

**ORDER DENYING MOTION TO ALTER ORDER**

---

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion for Reconsideration and to Alter this Court's Opinion and Order of March 12, 2015 (**#51**), the Plaintiff's Response (#52), and the Defendant's Reply (**#53**).

The Plaintiff Linda Schlumbrecht-Muniz ("Dr. Muniz") asserts three claims against the Defendant Steamboat Ski and Resort Corporation ("Steamboat") for injuries she suffered after colliding with a snowmobile while skiing at Steamboat. As relevant to the instant motion, Steamboat moved to dismiss Dr. Muniz's negligence claim on the grounds that it was barred by the Colorado Ski Safety Act, which provides immunity to ski are operators from any claims resulting from the inherent risks and dangers of skiing. *See* C.R.S. §§ 33-44-103(3.5)-112. The Court concluded that the Amended Complaint contained sufficient allegations to support a plausible claim that Dr. Muniz's collision with a snowmobile was not an inherent risk or danger of skiing and denied Steamboat's Motion to Dismiss.

Pursuant to Fed.R.Civ.P. 59(e), Steamboat moves for reconsideration of the Court's March 12, 2015 Opinion and Order Denying Motion to Dismiss (**#50**). Steamboat argues that the Court erred in relying on *Graven v. Vail Associates, Inc.*, 909 P.2d 514 (Colo. 1995). Specifically, Steamboat argues *Graven* is no longer good law because it was decided before the General Assembly amended the Colorado Ski Safety Act to strike the word "integral" from the definition of inherent dangers and risks of skiing.

There are three possible situations which warrant reconsideration: (1) an intervening change in controlling law, (2) new evidence which was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). When, as here, a party alleges there was clear error, a court may reconsider its prior ruling if it has misapprehended the facts or a party's position, but it is not appropriate to revisit issues that have already been addressed or for a party to advance arguments that could have been raised previously.

The Court has thoroughly reviewed the Motion, Response and Reply. Steamboat is correct that the Court improvidently included the word "integral" in quoting from *Graven* rather than using the precise language of the Ski Safety Act. Because such reference caused confusion and misunderstanding, the Court takes this opportunity to clarify its reasoning.

The Court's reference to *Graven* and use of the word "integral" in quoting from it does not reflect application of the *Graven* standard that ski operators are shielded from liability only for injuries arising from "dangers that are inherent and integral to the sport of skiing" as compared to the current standard embodied in the Ski Safety Act that protects ski area operators from liability for injuries that result from "inherent dangers and risks of skiing". The Court's reference to *Graven* was for its reasoning, not for the standard it applied (which is partially

abrogated by the terms of the Ski Safety Act). What is important about the *Graven* decision is that it recognized that the determination of whether a particular occurrence or condition constitutes an inherent danger or risk of skiing is not always a question of law – consideration of the facts relevant to the occurrence may be critical. Indeed, the facts of a particular occurrence can be important because what is an inherent risk of skiing is not necessarily limited to the circumstances specifically enumerated in the Ski Safety Act in C.R.S. §33-44-103. See: *See Fluery v. IntraWest Winter Park Operations Corporation*, 2014 Colo. Ct. App. 13, __ P.3d ___, 2014 WL 554237, *pet. for cert. pending* (2014 Colo. Sup. Ct. 224) (avalanches occurring within the bounds of a ski area are inherent dangers and risks of skiing). And as *Graven* recognized, some events might generally fit within the Ski Safety Act, but a particular circumstance would not.

Collisions with snowmobiles are not listed as inherent risks of skiing in C.R.S. §33-44-103. Although Steamboat argues that collisions with snowmobiles should be treated as an inherent danger and risk of skiing, it points to no Colorado case-law that has made such determination with regard to **all snowmobile collisions.**[1] Under these circumstances, the Court defers to the fact specific analysis recognized in *Graven,* and declines at this juncture to dismiss the negligence claim for failure to state a claim recognized under Colorado law. Of course, this conclusion does not prevent Steamboat from renewing its argument after the facts have been developed either by way of dispositive motion or at trial.

---

[1] This Court's decision in *Robinette v. Aspen Skiing Co., LLC*, 2009 WL 1108093, *2 (D. Colo. 2009), *aff'd* 363 Fed. Appx. 547 (10th Cir. 2010) is inapposite here. The language considered was "risk of skiing/riding" contained in a release, not the statutory language at issue.

Accordingly, Steamboat's Motion to Alter the Court's March 12, 2015 Opinion and Order (#**51**) is **DENIED**.

Dated this 18th day of June, 2015.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge